UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SILBER and DEBORAH SILBER,<br><br>Plaintiffs,<br><br>v.<br><br>DAVOL INC. and C.R. BARD INC.,<br><br>Defendants. | No. 1:18-cv-00479-DAD-EPG<br><br><u>ORDER VACATING HEARING ON MOTION TO STAY AND ORDERING PLAINTIFFS TO SHOW CAUSE WHY MOTION TO STAY SHOULD NOT BE GRANTED</u><br><br>(Doc. No. 4) |

On April 24, 2018, defendants filed a motion to stay this proceeding pending the resolution of a motion filed by plaintiffs in this action before the Judicial Panel on Multidistrict Litigation ("MDL Panel"), which would transfer this case and more than 50 other similar actions to the United States District Court for the Southern District of Ohio. (Doc. Nos. 4, 4-1 at 2.) The motion to transfer currently remains pending before the MDL Panel. Motions such as this, seeking a stay pending transfer, are commonly sought, but whether they should be granted depends on the nature of the particular case at issue and lies within the discretion of the court. *See Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) ("[A] district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation.").

1

Typically, the court must weigh concerns about judicial economy against any potential prejudice that the parties might face in staying the action. *See, e.g.*, *Cooper v. Siddighi*, No. EDCV 13-00345 JGB (SPx), 2013 WL 12140988, at *3–5 (C.D. Cal. May 8, 2013).

However, the court has been prevented from evaluating such considerations here because plaintiffs have failed to file either an opposition or a notice of non-opposition to the pending motion for a stay. Local Rule 230(c) requires that one of these two documents be filed and served within fourteen (14) days of the hearing date. The hearing is currently set for May 30, 2018, and the deadline for plaintiffs to file one of these two documents in response to the pending motion has passed. Moreover, in accordance with this court's standing order, defendants sought to contact plaintiffs' counsel to ascertain their position on this motion prior to its filing, including whether the matter could be resolved without a noticed motion, and received no response. (*See* Doc. No. 4-2 at 20–21) (e-mails from defense counsel to plaintiffs' counsel on April 18, 2018 and April 20, 2018).

In light of these circumstances, the hearing on defendant's motion to stay currently scheduled for May 30, 2018 is vacated and will be rescheduled by the court, only if necessary. Meanwhile, plaintiffs are ordered to show cause within seven (7) days of the date of service of this order why defendants' motion to stay (Doc. No. 4) should not be granted. Failure to respond to this order to show cause within the time set may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **May 24, 2018**

UNITED STATES DISTRICT JUDGE