1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEPHEN SILBER and DEBORAH            No.  1:18-cv-00479-DAD-EPG
     SILBER,
12
              Plaintiffs,
13                                         ORDER DISCHARGING ORDER TO SHOW
         v.                                CAUSE AND GRANTING MOTION TO
14                                         STAY
     DAVOL INC. and C.R. BARD INC.,
15                                         (Doc. No. 4)
              Defendants.
16

17

18          On April 24, 2018, defendants filed a motion to stay this case pending the resolution of a

19   motion filed by plaintiffs in this action before the Judicial Panel on Multidistrict Litigation

20   ("MDL Panel"), which would transfer this case and more than 50 other similar actions to the

21   United States District Court for the Southern District of Ohio.  (Doc. Nos. 4, 4-1 at 2.)  Because

22   plaintiffs did not file either an opposition or statement of non-opposition in a timely manner, the

23   court issued an order to show cause why the motion should not be granted on May 24, 2018.

24   (Doc. No. 11.)  Plaintiffs filed a statement of non-opposition on May 30, 2018.  (Doc. No. 12.)

25   The order to show cause will therefore be discharged.

26          District courts have the inherent power to stay proceedings before them, which is

27   "incidental to the power inherent in every court to control the disposition of the causes on its

28   docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am.*

                                                  1

*Co.*, 299 U.S. 248, 254 (1936). However, "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). A court must instead balance three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.*

This motion to stay is unopposed, and it is clear that there will be no prejudice to the non-moving party if the action is stayed. If the moving party is required to advance litigation in this case prior to a potential transfer, defendants' will be required to duplicate efforts in numerous lawsuits. Finally, it would conserve judicial resources in a court that carries one of the heaviest caseloads among district courts in this country to avoid unnecessary and duplicative work, in the event the cases are ultimately consolidated. Cases such as this are frequently stayed pending the outcome of pending transfer petitions before the MDL panel. *See Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (collecting cases); *see also Terway v. Syngenta Seeds, LLC*, No. 2:16–cv–01587–GMN–GWF, 2016 WL 4435745, at *2 (D. Nev. Aug. 19, 2016); *Pacific Life Ins. Co. v. J.P. Morgan Chase & Co.*, No. SA CV 03–813GLT(ANX), 2003 WL 22025158, at *2–3 (C.D. Cal. June 30, 2003). Therefore, the motion to stay will be granted.

## CONCLUSION

For these reasons:

1. The order to show cause issued May 24, 2018 (Doc. No. 11) is discharged;

2. The motion to stay filed April 24, 2018 (Doc. No. 4) is granted;

3. This action is stayed in its entirety until the motion to transfer now pending before the MDL Panel is resolved; and

///// 
///// 
///// 
/////

2

4. Defendants shall file a status report with this court every ninety (90) days advising the court of the status of the transfer motion, and will notify the court upon its resolution.

IT IS SO ORDERED.

Dated:   **June 18, 2018**

_Dale A. Drozd_

UNITED STATES DISTRICT JUDGE